The Honorable Gilbert Baker State Senator #17 Cooper Lane Conway, AR 72034
Dear Senator Baker:
You have presented the following question for my opinion:
 Does a municipality have the authority to propose to its electors a ballot measure which would impose a municipal sales tax, but would exclude such tax being imposed upon food?
RESPONSE
In my opinion, as explained more fully below, the authority of municipalities to propose sales taxes that are not levied on sales of food will depend upon the statutory authority under which the tax is proposed. You have not specified the particular statutory authority under which the tax that is envisioned by your question would be proposed.
Arkansas law provides seven sources of statutory authority upon the basis of which municipalities can levy taxes on sales:
 (1) a "sales and use tax for capital improvements," levied under A.C.A. § 26-75-201 through -223;
 (2) a "sales tax for capital improvements," levied under A.C.A. § 26-75-301 through -321;
 (3) a "temporary tax for acquisition, construction, or improvement of parks," levied under A.C.A. § 26-75-401 through -411;
 (4) a general "gross receipts tax," levied under A.C.A. § 26-75-501
through -508;
 (5) an "advertising and promotion" tax, levied under A.C.A. § 26-75-601
through -618;
 (6) a "gross receipts tax," levied by certain cities under A.C.A. § 26-75-701 through -705;
 (7) a "sales tax" on sales made on or near airports, levied under A.C.A. § 26-75-801.
Four of the statutory schemes listed above specifically state that the tax is to be levied on items that are subject to taxation under the Arkansas Gross Receipts Act (A.C.A. § 26-52-101 et seq.). See A.C.A. §26-75-207(c); A.C.A. § 26-75-312(a); A.C.A. § 26-75-405(a); A.C.A. §26-75-502(a). Because food is not currently exempt from the tax that is levied under the Arkansas Gross Receipts Act, any city that levies a tax that is authorized by one of these four statutory schemes must levy the tax on food. Any attempt to exempt food from these taxes would be contrary to state law. Cities cannot take any action that is contrary to state law. See A.C.A. §§ 14-43-601, -602; 14-42-307; 14-54-101;14-55-101; 14-42-502; 14-43-601(a)(1)(F) and (a)(2).
Although the tax that is authorized by A.C.A. § 26-75-801 does not tie itself to items that are taxable under the Gross Receipts Act, as do the taxes that can be levied under the four statutory schemes noted above, the tax that is authorized by A.C.A. § 26-75-801 must nevertheless be levied on "all sales of goods and services by businesses located on the premises of a municipal airport or a regional airport located within the city or by businesses located on property adjacent to the airport when such businesses provide goods and services for airplanes in excess of two thousand five hundred dollars ($2,500)." A.C.A. § 26-75-801 (emphasis added). This broad language would clearly include sales of food. Accordingly, I must conclude that this tax must be levied on food, and that cities do not have the authority to exempt food from its application.
The remaining two statutory schemes do appear to allow cities that are qualified to levy taxes thereunder to exclude sales of food from the application of the tax. The "advertising and promotion" tax that is levied under A.C.A. § 26-75-601 through -618 can be levied on the gross receipts of either hotel accommodation rentals or on the gross receipts of restaurants (or on both types of gross receipts). See A.C.A. §26-75-602(c). A city could therefore choose to impose this tax only on the gross receipts of hotel accommodation rentals, and not on any transactions involving the sale of food. The tax that may be levied under A.C.A. § 26-75-701 through 705 seems to provide for a similar choice.See A.C.A. § 26-75-701.
On the basis of the language of the various statutes cited above, I conclude that cities are not at liberty to exempt food from the application of any tax that is levied under the authority of A.C.A. §26-75-201 through -223; A.C.A. § 26-75-301 through -321; A.C.A. §26-75-401 through -411; A.C.A. § 26-75-501 through 508; or A.C.A. §26-75-801. However, cities do appear to have the authority to exempt food from the application of a tax that is levied under the authority of A.C.A. § 26-75-601 through -618 or under the authority of A.C.A. §26-75-701 through -705.
Accordingly, I must conclude that the answer to your question will depend entirely upon the statutory scheme under which the city levies the tax in question.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General